# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

AMERICAN CIVIL LIBERTIES UNION
125 Broad Street
New York, NY 10004,

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street
New York, NY 10004,

      Plaintiffs,

  v.

CENTRAL INTELLIGENCE AGENCY,
Washington, D.C. 20505,

      Defendant.

No. _____

## COMPLAINT FOR INJUNCTIVE RELIEF

1.  This is a Freedom of Information Act lawsuit seeking the release from the Central Intelligence Agency ("CIA") of two agency records: a Senate Select Committee on Intelligence investigative report detailing the CIA's now-discontinued program of rendition, detention, torture, and other abuse of detainees, and the CIA's report in response, in which it defends those unlawful practices.

2.  In the years after September 11, 2001, under a program developed and authorized by officials at the highest levels of government, the CIA systematically captured, detained, and tortured suspected terrorists, including in a network of secret overseas prisons known as "black sites." That program was halted by President George W. Bush in 2008, and in 2009, President Barack Obama ordered the black sites closed.

3.      Because of the continuing and extraordinary public interest in and controversy surrounding the CIA's rendition, torture, and secret detention program, the Senate Select Committee on Intelligence ("SSCI") conducted a comprehensive review of the CIA's post-9/11 conduct—examining millions of pages of government documents in the process. At the end of 2012, the SSCI completed a 6,000-page investigative report ("SSCI CIA Report") documenting its findings and conclusions. According to those involved, the SSCI CIA Report is the most extensive review of the CIA's program thus far conducted. The Chairman of the SSCI said upon the Committee's adoption of the report, "I am confident the CIA will emerge a better and more able organization as a result of the committee's work. I also believe this report will settle the debate once and for all over whether our nation should ever employ coercive interrogation techniques such as those detailed in this report." The SSCI sent a copy of its report to the CIA, and the CIA eventually issued its own report in response ("CIA Report"). The CIA's response is reportedly a detailed defense of its detention, torture, and abuse of detainees.

4.      On February 13, 2013 and June 28, 2013, Plaintiffs American Civil Liberties Union and American Civil Liberties Union Foundation (together, "ACLU") submitted two separate Freedom of Information Act ("FOIA") requests to the CIA seeking, respectively, the SSCI CIA Report and the CIA Report. The CIA has not released either report in response. Plaintiffs now file suit under FOIA, 5 U.S.C. § 552, for injunctive and other appropriate relief, seeking the immediate processing and release of the two reports.

5.      There is immense public interest in the disclosure of the SSCI CIA Report and the CIA's response to it. For much of the last decade, the legality and wisdom of the CIA's practices, as well as the resulting harm to individuals' human rights and our nation's values and national

security, have been matters of intense and ongoing debate. A fair public debate of these issues must be informed by both the SSCI CIA Report and the CIA's defense of its program.

## Jurisdiction and Venue

6.      This Court has both subject matter jurisdiction over the FOIA claim and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) and (a)(6)(E)(iii). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. §§ 701–706. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## Parties

7.      Plaintiff American Civil Liberties Union is a nationwide, non-profit, nonpartisan 26 U.S.C. § 501(c)(4) organization with more than 500,000 members dedicated to the constitutional principles of liberty and equality. The ACLU is committed to ensuring that the American government complies with the Constitution and laws, including its international legal obligations, in matters that affect civil liberties and human rights. The ACLU is also committed to principles of transparency and accountability in government, and seeks to ensure that the American public is informed about the conduct of its government in matters that affect civil liberties and human rights.

8.      Plaintiff American Civil Liberties Union Foundation is a separate 26 U.S.C. § 501(c)(3) organization that educates the public about civil liberties and employs lawyers who provide legal representation free of charge in cases involving civil liberties.

9.      Defendant CIA is a department of the Executive Branch of the United States government and is an agency within the meaning of 5 U.S.C. § 552(f)(1).

**Factual Background**

10.     In 2009, the SSCI initiated a comprehensive review of the CIA's post-9/11 regime of rendition, secret detention, torture, and other cruel, inhuman, and degrading treatment of detainees.

11.     On December 13, 2012, the SSCI approved the SSCI CIA Report, which details the findings of the Committee's three-year investigation, and which cost $40 million to produce. Spanning more than 6,000 pages with 35,000 footnotes, the SSCI CIA Report resulted from the Committee's review of millions of pages of government records documenting the CIA's treatment of detainees. According to SSCI Chairman Dianne Feinstein, the SSCI CIA Report is "the most definitive review" conducted of the CIA's program. *See, e.g.*, Carrie Johnson, *Report on CIA Interrogation Tactics Revives Torture Debate*, NPR, Dec. 13, 2012, http://n.pr/VDKWm0; Scott Shane, *Senate Panel Approves Findings Critical of Detainee Interrogations*, N.Y. Times, Dec. 13, 2012, http://nyti.ms/VwdORk.

12.     Senator Feinstein stated that the SSCI CIA Report "uncovers startling details about the CIA detention and interrogation program and raises critical questions about intelligence operations and oversight. . . . [T]he creation of long-term, clandestine 'black sites' and the use of so-called 'enhanced-interrogation techniques' were terrible mistakes." Press Release, Sen. Feinstein, Feinstein Statement on CIA Detention, Interrogation Report (Dec. 13, 2012), http://1.usa.gov/SXEWHH. According to Senator John McCain, the SSCI CIA Report confirms that the "cruel, inhuman, and degrading treatment of prisoners" is "a stain on our country's conscience." Letter from Sen. McCain to SSCI (Dec. 13, 2012), http://1.usa.gov/1eijQNo.

13.     On June 26, 2013, news media revealed that the CIA had completed a report challenging the SSCI CIA Report's investigative methods and findings. The CIA Report has

been described as the most detailed defense that the CIA has assembled of its rendition, torture, and secret detention program to date. *See, e.g.*, Greg Miller & Julie Tate, *CIA Report Refutes Senate Panel's Criticism of Agency's Harsh Interrogation Methods*, Wash. Post., June 26, 2013, http://wapo.st/17Dtquw.

14.     Disclosure of both the comprehensive SSCI CIA Report and the CIA's response is critical to a full and fair public debate about the CIA's torture program. These reports are a crucial part of the historical record on the United States' abusive interrogation practices, as well as current and future public discussion about the CIA's treatment of detainees during the administration of President George W. Bush.

**Plaintiffs' First FOIA Request**

15.     On February 13, 2013, Plaintiffs submitted a FOIA request ("Request I") to the CIA seeking the disclosure of the SSCI CIA Report.

16.     Plaintiffs sought expedited processing of Request I on the grounds that there is a "compelling need" for the SSCI CIA Report because the information requested is urgently needed by an organization primarily engaged in disseminating information in order to inform the public about actual or alleged federal government activity. *See* 5 U.S.C. § 552(a)(6)(E)(v)(II); *see also* 32 C.F.R. § 1900.34(c)(2).

17.     Plaintiffs sought a waiver of search, review, and reproduction fees on the grounds that disclosure of the SSCI CIA Report is "in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government," and disclosure is "not primarily in the commercial interest of the requester." *See* 5 U.S.C. § 552(a)(4)(A)(iii); *see also* 32 C.F.R. § 1900.13(b)(2).

18.     Plaintiffs also sought a waiver of search and review fees on the grounds that the
ACLU qualifies as a "representative of the news media" and that the SSCI CIA Report is not
sought for commercial use. *See* 5 U.S.C. § 552(a)(4)(A)(ii); *see also* 32 C.F.R. § 1900.13(i)(2).

19.     By letter dated February 22, 2013, CIA Information and Privacy Coordinator
Michele Meeks denied the ACLU's request, stating that "[The ACLU has] requested a
Congressionally generated and controlled document that is not subject to the FOIA's access
provisions."

20.     The ACLU appealed from the CIA's decision on April 25, 2013.

21.     The twenty-day statutory period for the CIA to make a determination with respect
to the appeal has elapsed with no determination. *See* 5 U.S.C. § 552(a)(6).

### Plaintiffs' Second FOIA Request

22.     On June 28, 2013, the ACLU submitted a FOIA request ("Request II") seeking
disclosure of the CIA Report, which was produced in response to the SSCI CIA Report.

23.     Plaintiffs sought expedited processing of Request II on the grounds that there is a
"compelling need" for the CIA Report because the information requested is urgently needed by
an organization primarily engaged in disseminating information in order to inform the public
about actual or alleged federal government activity. *See* 5 U.S.C. § 552(a)(6)(E)(v)(II); *see also*
32 C.F.R. § 1900.34(c)(2).

24.     Plaintiffs sought a waiver of search, review, and reproduction fees on the grounds
that disclosure of the CIA Report is "in the public interest because it is likely to contribute
significantly to public understanding of the operations or activities of the government," and
disclosure is "not primarily in the commercial interest of the requester." *See* 5 U.S.C. §
552(a)(4)(A)(iii); *see also* 32 C.F.R. § 1900.13(b)(2).

25.     Plaintiffs also sought a waiver of search and review fees on the grounds that the

ACLU qualifies as a "representative of the news media" and that the CIA Report is not sought

for commercial use. *See* 5 U.S.C. § 552(a)(4)(A)(ii); *see also* 32 C.F.R. § 1900.13(i)(2).

26.     By letter dated July 11, 2013, the CIA acknowledged receipt of and denied

Request II, erroneously mistaking Request II (for the CIA Report) as identical to Request I (for

the SSCI CIA Report):

> A search of our database indicates that your organization had
> previously requested information on the same subject on 13 February
> 2013, which we assigned the reference number F-2013-00829. Our
> records further show that we responded to this request on 22 February
> 2013. A copy of our response is enclosed.

27.     On September 6, 2013, an ACLU attorney spoke with a representative from the

CIA who confirmed that the CIA's response of July 11 did not address Request II for the CIA

Report. The representative stated that the CIA would re-open Request II and respond as

appropriate.

28.     In a letter to the CIA dated September 9, 2013, the ACLU memorialized that

telephone discussion, further clarifying Request II.

29.     By letter dated September 25, 2013, CIA Information and Privacy Coordinator

Meeks informed the ACLU that Request II was "initially interpreted as seeking a copy of the

SSCI report." The CIA assigned a reference number to Request II and stated that its officers

would review the request.

30.     By letter dated October 31, 2013, CIA Information and Privacy Coordinator

Meeks informed the ACLU that "[t]o the extent your request seeks information that is subject to

the FOIA, we accept your request, and we will process it in accordance with the FOIA . . . . We

will search for records up to and including the date the Agency starts its search." The CIA also

agreed to waive the fees for Request II.

31.     The CIA has neither released the CIA Report nor explained its failure to do so.

32.     The twenty-day statutory period for the CIA to make a determination with respect

to Request II has elapsed with no determination. *See* 5 U.S.C. § 552(a)(6).

## Causes of Action

33.     Defendant's failure to make a reasonable effort to search for the record sought by

Request II violates FOIA, 5 U.S.C. § 552(a)(3), and Defendant's corresponding regulations, *see*

32 C.F.R. § 1900.21(a).

34.     Defendant's failure to promptly make available the records sought by the

Requests violates FOIA, 5 U.S.C. § 552(a)(6)(A), and Defendant's corresponding regulations,

*see* 32 C.F.R. § 1900.21(d).

35.     Defendant's failure to (i) grant Plaintiffs' request for expedited processing as to

Request II; (ii) process the Request I appeal; (iii) and process Request II, violates FOIA, 5

U.S.C. § 552(a)(6)(E), and Defendant's corresponding regulations, *see* 32 C.F.R. § 1900.34(c).

36.     Defendant's failure to grant Plaintiffs' request for a waiver of search, review, and

duplication fees as to Request I violates FOIA, 5 U.S.C. § 552(a)(4), and Defendant's

corresponding regulations, *see* 32 C.F.R. § 1900.13(b)(2).

37.     Defendant's failure to grant Plaintiffs' request for a limitation of fees as to

Request I violates FOIA, 5 U.S.C. § 552(a)(4), and Defendant's corresponding regulations, *see*

32 C.F.R. § 1900.13(i)(2).

## Requested Relief

WHEREFORE, Plaintiffs respectfully request that this Court:

A.  Order Defendant to immediately process and release all records responsive to the

Requests;

B.  Enjoin Defendant from charging Plaintiffs search, review, or duplication fees for the

processing of Request I;

C.  Award Plaintiffs their costs and reasonable attorneys' fees incurred in this action; and

D.  Grant such other relief as the Court may deem just and proper.


Respectfully submitted,


*/s/ Hina Shamsi*

Hina Shamsi (D.C. Bar No. MI0071)
Alex Abdo (*pro hac vice* pending)
Ashley Gorski (*pro hac vice* pending)
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Phone: (212) 284-7321
Fax: (212) 549-2654
hshamsi@aclu.org

Arthur B. Spitzer (D.C. Bar No. 235960)
American Civil Liberties Union
  of the Nation's Capital
4301 Connecticut Ave. NW, Suite 434
Washington, D.C. 20008
Phone: (202) 457-0800
Fax: (202) 457-0805
artspitzer@aclu-nca.org

*Counsel for Plaintiffs*


Dated: November 26, 2013