**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION, and AMERICAN CIVIL LIBERTIES UNION FOUNDATION, <br><br> Plaintiffs, <br><br> v. <br><br> CENTRAL INTELLIGENCE AGENCY, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) )    Civil Action No. 1:13-cv-01870 (JEB) |

**DEFENDANT'S ANSWER TO**
**PLAINTIFFS' AMENDED COMPLAINT FOR INJUNCTIVE RELIEF**

Defendant, the Central Intelligence Agency ("CIA"), hereby answers Plaintiffs'

Amended Complaint as follows:

1.      Admit that Plaintiffs purport to bring this lawsuit under the Freedom of

Information Act ("FOIA"), and that they seek the release of a report by the Senate Select

Committee on Intelligence ("SSCI") concerning the Central Intelligence Agency's

("CIA") former detention and interrogation program (the "Report"), the CIA's response

to that Report ("CIA Response"), and a report by the CIA concerning its detention and

interrogation program that was commissioned by former CIA Director Panetta, which

was referred to by Senator Mark Udall on December 17, 2013, during the confirmation

hearing for CIA General Counsel nominee Caroline Diane Krass.  Plaintiffs'

characterization of the documents as "agency records" consists of a legal conclusion, to

which no response is required.  The remainder of the paragraph contains Plaintiffs'

characterization of the documents, to which no response is required.  To the extent that a

response is required, Defendant denies the allegations on the ground that the documents speak for themselves and respectfully refers the Court to those documents for a complete and accurate statement of their contents.

2.      This paragraph contains Plaintiffs' subjective characterization of the CIA's former detention and interrogation program, to which no response is required. To the extent a response is required, denied.

3.      First sentence:  This sentence contains Plaintiffs' subjective characterization of the reasons for SSCI's undertaking the study that resulted in the Report, to which no response is required.  To the extent a response is required, denied. Second sentence:  Admit that in December 2012, the SSCI approved what it has described as a study of the CIA's former detention and interrogation program.  The remainder of the sentence contains Plaintiffs' characterization of the Report, to which no response is required.  Third sentence: This sentence contains Plaintiffs' characterization of the report by "those involved," to which no response is required.  Fourth and fifth sentences:  These sentences contain Plaintiffs' characterization of a statement by Dianne Feinstein regarding the Report, to which no response is required.  To the extent that a response is required, Defendant denies the allegations on the ground that the statement speaks for itself and respectfully refers the Court to the statement (or documents containing the statement) for a complete and accurate statement of its contents.

4.      First sentence:  Admit that the CIA received a copy of the SSCI report, and issued a report in response.  Second sentence:  This sentence contains Plaintiffs' characterization of the CIA's Response, to which no response is required.  To the extent a response is required, denied.

5.     This paragraph contains Plaintiffs' characterization of statements by Senator Mark Udall at the confirmation hearing of Caroline Krass on December 17, 2013, to which no response is required.  To the extent that a response is required, Defendant denies the allegations on the ground that the statements speak for themselves and respectfully refers the Court to the statements (or documents containing the statements) for a complete and accurate account of their contents.

6.     First sentence:  Admit that by letter to Defendant dated February 14, 2013, Plaintiff American Civil Liberties Union Foundation transmitted via facsimile a copy of a FOIA request to the Defendant dated February 13, 2013, which sought a copy of "the recently adopted report of the Senate Select Committee on Intelligence relating to the CIA's post-9/11 program of rendition, detention, and interrogation" ("February 14, 2013 FOIA request").  Admit that by letter to Defendant dated June 28, 2013, Plaintiff American Civil Liberties Union Foundation submitted a FOIA request seeking disclosure of "the CIA's recently adopted report in response to the SSCI Report on the CIA's rendition, detention, and interrogation program in the years following 9/11."  Admit that by letter to Defendant dated December 19, 2013, Plaintiff American Civil Liberties Union Foundation submitted a FOIA request seeking disclosure of "a report commissioned by former Central Intelligence Agency ('CIA') Director Leon Panetta on the Agency's detention and interrogation programs (the 'Panetta Report'), which was referred to by Senator Mark Udall on December 17, 2013, during the confirmation hearing for CIA General Counsel nominee Caroline Diane Krass."  Second sentence:  Admit.  Third sentence: Admit that Plaintiffs purport to file this lawsuit under FOIA.

The remainder of the sentence consists of legal conclusions, to which no response is required.

7.     This paragraph consists of Plaintiffs' subjective characterization of the public interest in the documents at issue in this litigation, to which no response is required.

8.     This paragraph consists of legal conclusions, to which no response is required.

9.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

11.     Admit.

12.     Deny except to admit that in 2009 the SSCI began what it considered to be a study of the CIA's former detention and interrogation program, which it approved in December 2012 ("the Report").

13.     First and second sentences:  Admit that on December 13, 2012, the SSCI voted to approve the Report.  The remainder of the first and second sentences of this paragraph contain Plaintiffs' characterization of the Report, to which no response is required.  Third sentence: this sentence contains Plaintiffs' characterization of a statement by Dianne Feinstein regarding the Report, to which no response is required.  To the extent that a response is required, Defendant denies the allegations on the ground that the statement speaks for itself and respectfully refers the Court to the statement (or

documents containing the statement) for a complete and accurate statement of its contents.

14.    This paragraph contains Plaintiffs' characterization of statements by certain individuals regarding the Report, to which no response is required.  To the extent that a response is required, Defendant denies the allegations on the ground that the statements speak for themselves and respectfully refers the Court to those statements (or documents containing those statements) for a complete and accurate statement of their contents.

15.    This paragraph contains Plaintiffs' characterization of an article in the news media regarding the Report, to which no response is required.  To the extent that a response is required, Defendant denies the allegations on the ground that the article speaks for itself and respectfully refers the Court to the article for a complete and accurate statement of its contents.

16.    This paragraph contains Plaintiffs' characterization of statements by Senator Udall at the confirmation hearing of Caroline Krass on December 17, 2013, to which no response is required.  To the extent that a response is required, Defendant denies the allegations on the ground that the statements speak for themselves and respectfully refers the Court to those statements (or documents containing those statements) for a complete and accurate statement of their contents.

17.    This paragraph contains Plaintiffs' subjective characterization of the importance of disclosure of the documents at issue in this litigation, to which no response is required.

18.     Deny except to admit that by letter to Defendant dated February 14, 2013, the Plaintiff American Civil Liberties Union Foundation transmitted via facsimile a copy of a FOIA request to the Defendant dated February 13, 2013.

19.     This paragraph contains Plaintiffs' characterization of the February 14, 2013, FOIA request, to which no response is required.  To the extent that a response is required, Defendant denies the allegations on the ground that the request speaks for itself and respectfully refers the Court to that request for a complete and accurate statement of its contents.

20.     This paragraph contains Plaintiffs' characterization of the February 14, 2013, FOIA request, to which no response is required.  To the extent that a response is required, Defendant denies the allegations on the ground that the request speaks for itself and respectfully refers the Court to that request for a complete and accurate statement of its contents.

21.     This paragraph contains Plaintiffs' characterization of the February 14, 2013, FOIA request, to which no response is required.  To the extent that a response is required, Defendant denies the allegations on the ground that the request speaks for itself and respectfully refers the Court to that request for a complete and accurate statement of its contents.

22.     Admit that by letter dated February 22, 2013, Michele Meeks, the CIA's Information and Privacy Coordinator responded to Plaintiff American Civil Liberties Union Foundation's FOIA request.  The remainder of the paragraph contains Plaintiffs' characterization of the CIA's February 22, 2013 letter, to which no response is required. To the extent that a response is required, Defendant denies the allegations on the ground

that the letter speaks for itself and respectfully refers the Court to that document for a complete and accurate statement of its contents.

23.     Admit that the Plaintiffs sent a letter dated April 25, 2013 to the Defendant.   The remainder of the paragraph contains Plaintiffs' characterization of the April 25, 2013 letter, to which no response is required.   To the extent that a response is required, Defendant denies the allegations on the ground that the letter speaks for itself and respectfully refers the Court to that document for a complete and accurate statement of its contents.

24.     This paragraph consists of legal conclusions, to which no response is required.

25.     Admit that by letter dated June 28, 2013, Plaintiff American Civil Liberties Union Foundation submitted a FOIA request to Defendant.   The remainder of the paragraph contains Plaintiffs' characterization of the June 28, 2013, letter, to which no response is required.   To the extent that a response is required, Defendant denies the allegations on the ground that the letter speaks for itself and respectfully refers the Court to that document for a complete and accurate statement of its contents.

26.     This paragraph contains Plaintiffs' characterization of the June 28, 2013, letter, to which no response is required.   To the extent that a response is required, Defendant denies the allegations on the ground that the letter speaks for itself and respectfully refers the Court to that document for a complete and accurate statement of its contents.

27.     This paragraph contains Plaintiffs' characterization of the June 28, 2013, letter, to which no response is required.   To the extent that a response is required,

Defendant denies the allegations on the ground that the letter speaks for itself and respectfully refers the Court to that document for a complete and accurate statement of its contents.

28.     This paragraph contains Plaintiffs' characterization of the June 28, 2013, letter, to which no response is required.  To the extent that a response is required, Defendant denies the allegations on the ground that the letter speaks for itself and respectfully refers the Court to that document for a complete and accurate statement of its contents.

29.     Admit that by letter dated July 11, 2013, Michele Meeks, the CIA's Information and Privacy Coordinator, responded to Plaintiff American Civil Liberties Union Foundation's June 28, 2013, FOIA request.  The remainder of the paragraph contains Plaintiffs' characterization of the July 11, 2013, letter, to which no response is required.  To the extent that a response is required, Defendant denies the allegations on the ground that the letter speaks for itself and respectfully refers the Court to that document for a complete and accurate statement of its contents.

30.     Admit.

31.     Admit that the CIA received from Plaintiff American Civil Liberties Union a letter dated September 9, 2013.  The remainder of the paragraph contains Plaintiffs' characterization of the September 9, 2013, letter, to which no response is required.  To the extent that a response is required, Defendant denies the allegations on the ground that the letter speaks for itself and respectfully refers the Court to that document for a complete and accurate statement of its contents.

32.     Admit that by letter dated September 25, 2013, Michele Meeks, the CIA's Information and Privacy Coordinator, responded to Plaintiff American Civil Liberties Union Foundation's September 9, 2013, letter providing clarification to the June 28, 2013, FOIA request.  The remainder of the paragraph contains Plaintiffs' characterization of the September 25, 2013, letter, to which no response is required.  To the extent that a response is required, Defendant denies the allegations on the ground that the letter speaks for itself and respectfully refers the Court to that document for a complete and accurate statement of its contents.

33.     Admit that by letter dated October 31, 2013, Michele Meeks, the CIA's Information and Privacy Coordinator, responded to Plaintiff American Civil Liberties Union Foundation's June 28, 2013, FOIA request, as clarified by the September 9, 2013, letter.  The remainder of the paragraph contains Plaintiffs' characterization of the October 31, 2013, letter, to which no response is required.  To the extent that a response is required, Defendant denies the allegations on the ground that the letter speaks for itself and respectfully refers the Court to that document for a complete and accurate statement of its contents.

34.     Admit that Defendant has not substantively responded to Plaintiff American Civil Liberties Union Foundation's June 28, 2013, FOIA request, as clarified by the September 9, 2013, letter.

35.     This paragraph consists of legal conclusions, to which no response is required.

36.     Admit that by letter dated December 19, 2013, Plaintiff American Civil Liberties Union Foundation submitted a FOIA request to Defendant.  The remainder of

the paragraph contains Plaintiffs' characterization of the December 19, 2013, letter, to which no response is required. To the extent that a response is required, Defendant denies the allegations on the ground that the letter speaks for itself and respectfully refers the Court to that document for a complete and accurate statement of its contents.

37.     This paragraph contains Plaintiffs' characterization of the December 19, 2013, letter, to which no response is required. To the extent that a response is required, Defendant denies the allegations on the ground that the letter speaks for itself and respectfully refers the Court to that document for a complete and accurate statement of its contents.

38.     This paragraph contains Plaintiffs' characterization of the December 19, 2013, letter, to which no response is required. To the extent that a response is required, Defendant denies the allegations on the ground that the letter speaks for itself and respectfully refers the Court to that document for a complete and accurate statement of its contents.

39.     This paragraph contains Plaintiffs' characterization of the December 19, 2013, letter, to which no response is required. To the extent that a response is required, Defendant denies the allegations on the ground that the letter speaks for itself and respectfully refers the Court to that document for a complete and accurate statement of its contents.

40.     Admit that by letter dated December 24, 2013, Michele Meeks, the CIA's Information and Privacy Coordinator, responded to Plaintiff American Civil Liberties Union Foundation's December 19, 2013, FOIA request. The remainder of the paragraph contains Plaintiffs' characterization of the December 24, 2013, letter, to which no

response is required.  To the extent that a response is required, Defendant denies the

allegations on the ground that the letter speaks for itself and respectfully refers the Court

to that document for a complete and accurate statement of its contents.

41.     Admit that Defendant has not substantively responded to Plaintiff

American Civil Liberties Union Foundation's December 19, 2013, FOIA request.

42.     This paragraph consists of legal conclusions, to which no response is

required.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied.

WHEREFORE, having fully answered, Defendant asserts that Plaintiffs are not

entitled to the relief requested, or to any relief whatsoever, and requests that Defendant be

given such other relief as the Court deems just and proper.

## FIRST AFFIRMATIVE DEFENSE

Defendant objects to the Complaint to the extent that answering it imposes

obligations upon it that exceed those imposed by the FOIA.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to compel the production of records protected from

disclosure by FOIA, subject to any applicable FOIA exemptions, or to which FOIA does

not apply.

Dated:  February 10, 2014

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

RONALD C. MACHEN, Jr.
United States Attorney

ELIZABETH J. SHAPIRO
Deputy Branch Director
Civil Division


  /s/ Vesper Mei
VESPER MEI (D.C. Bar 455778)
Senior Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave, NW
Washington, D.C.  20530
Telephone:  (202) 514-4686
Fax:  (202) 616-8470
E-mail: vesper.mei@usdoj.gov

**_Counsel for the Defendant_**