**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

AMERICAN CIVIL LIBERTIES UNION
125 Broad Street
New York, NY 10004,

AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street
New York, NY 10004,

Plaintiffs,

v.

CENTRAL INTELLIGENCE AGENCY
Washington, D.C. 20505,

DEPARTMENT OF DEFENSE
1000 Defense Pentagon,
Washington, D.C. 20301,

DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue NW,
Washington, D.C. 20530,

DEPARTMENT OF STATE
2201 C Street NW,
Washington, D.C. 20520,

Defendants.

No. 1:13-cv-01870 (JEB)

**SECOND AMENDED COMPLAINT FOR INJUNCTIVE RELIEF**

1. This is a Freedom of Information Act lawsuit seeking the release from the Central Intelligence Agency ("CIA"), the Department of Defense ("DOD"), the Department of Justice ("DOJ"), and the Department of State ("DOS") of a Senate Select Committee on Intelligence ("SSCI") investigative report detailing the CIA's now-discontinued program of rendition, detention, torture, and other abuse of detainees. Plaintiffs also seek from the CIA two additional

reports: (i) the CIA's report in response to the SSCI, in which the agency defends its unlawful practices; and (ii) a report commissioned by former CIA Director Leon Panetta, which is reportedly consistent with the SSCI investigative report findings, but contradicts the CIA's response to the SSCI.

2. In the years after September 11, 2001, under a program developed and authorized by officials at the highest levels of government, the CIA systematically captured, detained, and tortured suspected terrorists, including in a network of secret overseas prisons known as "black sites." That program was halted by President George W. Bush in 2008, and in 2009, President Barack Obama ordered the black sites closed.

3. Because of the continuing and extraordinary public interest in and controversy surrounding the CIA's rendition, torture, and secret detention program, the SSCI conducted a comprehensive review of the CIA's post-9/11 conduct—examining millions of pages of government documents in the process. At the end of 2012, the SSCI completed a 6,000-page investigative report, *Study of the CIA's Detention and Interrogation Program* ("SSCI Report"), documenting its findings and conclusions. The Chairman of the SSCI, Senator Dianne Feinstein, said upon the Committee's adoption of the report, "I am confident the CIA will emerge a better and more able organization as a result of the committee's work. I also believe this report will settle the debate once and for all over whether our nation should ever employ coercive interrogation techniques such as those detailed in this report."

4. The SSCI sent a copy of the SSCI Report to Executive Branch agencies, including the CIA, and the CIA eventually issued its own report in response ("CIA Report"). The CIA's response is reportedly a detailed defense of its detention, torture, and abuse of detainees.

5. During a SSCI hearing on December 17, 2013, Senator Mark Udall disclosed the existence of a separate CIA report, commissioned by former CIA Director Panetta, concerning the CIA's detention and torture program ("Panetta Report"). According to Senator Udall, the findings of this report appear to be inconsistent with the CIA Report to the SSCI.

6. Upon information and belief, in 2014, after the SSCI reviewed the comments by Executive Branch agencies concerning the SSCI Report, the SSCI made changes to it and adopted an updated version of the *Study of the CIA's Detention and Interrogation Program* ("Updated SSCI Report"). The SSCI subsequently transferred portions of the Updated SSCI Report to Executive Branch agencies, including Defendants. According to the Chairman of the SSCI, the SSCI planned to disseminate the entire Updated SSCI Report to Executive Branch agencies, including Defendants, and it asked that the Executive Branch declassify portions of the report.

7. On May 7, 2014, Plaintiffs submitted a FOIA request to the CIA, DOD, DOJ, and DOS, seeking the Updated SSCI Report. None of the agencies have released the report in response.

8. On June 28, 2013 and December 19, 2013, Plaintiffs American Civil Liberties Union and American Civil Liberties Union Foundation (together, "ACLU") submitted two separate Freedom of Information Act ("FOIA") requests to the CIA seeking, respectively, the CIA Report and the Panetta Report. The CIA has not released either of these reports in response.

9. Plaintiffs now file suit under FOIA, 5 U.S.C. § 552, for injunctive and other appropriate relief, seeking the immediate processing and release of the Updated SSCI Report, the CIA Report, and the Panetta Report.

10. There is immense public interest in the disclosure of these three reports. For much of the last decade, the legality and wisdom of the CIA's practices, as well as the resulting harm to individuals' human rights and our nation's values and national security, have been matters of intense and ongoing debate. A fair public debate of these issues must be informed by the Updated SSCI Report, the CIA's defense of its program, and the Panetta Report.

**Jurisdiction and Venue**

11. This Court has both subject matter jurisdiction over the FOIA claims and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) and (a)(6)(E)(iii). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. §§ 701–706. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

**Parties**

12. Plaintiff American Civil Liberties Union is a nationwide, non-profit, nonpartisan 26 U.S.C. § 501(c)(4) organization with more than 500,000 members dedicated to the constitutional principles of liberty and equality. The ACLU is committed to ensuring that the American government complies with the Constitution and laws, including its international legal obligations, in matters that affect civil liberties and human rights. The ACLU is also committed to principles of transparency and accountability in government, and seeks to ensure that the American public is informed about the conduct of its government in matters that affect civil liberties and human rights.

13. Plaintiff American Civil Liberties Union Foundation is a separate 26 U.S.C. § 501(c)(3) organization that educates the public about civil liberties and employs lawyers who provide legal representation free of charge in cases involving civil liberties.

14. Defendant CIA is a department of the Executive Branch of the United States government and is an agency within the meaning of 5 U.S.C. § 552(f)(1).

15. Defendant DOD is a department of the Executive Branch of the United States government and is an agency within the meaning of 5 U.S.C. § 552(f)(1).

16. Defendant DOJ is a department of the Executive Branch of the United States government and is an agency within the meaning of 5 U.S.C. § 552(f)(1).

17. Defendant DOS is a department of the Executive Branch of the United States government and is an agency within the meaning of 5 U.S.C. § 552(f)(1).

**Factual Background**

18. In 2009, the SSCI initiated a comprehensive review of the CIA's post-9/11 regime of rendition, secret detention, torture, and other cruel, inhuman, and degrading treatment of detainees.

19. On December 13, 2012, the SSCI approved the SSCI Report, which details the findings of the Committee's multi-year investigation, and which cost $40 million to produce. Spanning more than 6,000 pages with 35,000 footnotes, the SSCI Report resulted from the Committee's review of millions of pages of government records documenting the CIA's treatment of detainees.

20. On June 26, 2013, news media revealed that the CIA had completed a report challenging the SSCI Report's investigative methods and findings. The CIA Report has been described as the most detailed defense that the CIA has assembled of its rendition, torture, and secret detention program to date. *See, e.g.*, Greg Miller & Julie Tate, *CIA Report Refutes Senate Panel's Criticism of Agency's Harsh Interrogation Methods*, Wash. Post., June 26, 2013, http://wapo.st/17Dtquw.

21. On December 17, 2013, during a confirmation hearing for CIA General Counsel nominee Caroline Diane Krass, Senator Udall revealed the existence of a separate report by the CIA, commissioned by former CIA Director Panetta, that concerns the agency's detention and torture program. According to Senator Udall, the Panetta Report "is consistent with the Intelligence committee's report, but amazingly it conflicts with the official CIA response" to the SSCI Report. Press Release, Sen. Udall, Udall Presses CIA Nominee on Brutal Detention, Interrogation Program, Alleged Discrepancies Between Official, Internal Agency Accounts (Dec. 17, 2013), http://1.usa.gov/1kWoamC; *see also* Letter from Sen. Udall to President Obama (Mar. 4, 2014), http://bit.ly/1jSzY8h (describing discrepancies between the CIA Report and Panetta Report).

22. After the SSCI reviewed comments by Executive Branch agencies and minority views of Committee Republicans, the SSCI adopted the Updated SSCI Report. Senator Feinstein stated that the Updated SSCI Report "exposes brutality that stands in stark contrast to our values as a nation. It chronicles a stain on our history that must never again be allowed to happen." *See* Press Release, Sen. Feinstein, Intelligence Committee Votes to Declassify Portions of CIA Study (Apr. 3, 2014), http://1.usa.gov/1hlYOkt.

23. In addition to chronicling the CIA's detention and torture of detainees, the Updated SSCI Report "raises serious concerns about the CIA's management" of its detention and torture program. Press Release, Sens. Susan Collins and Angus King, Collins, King Announce Support for Declassification of Intelligence Committee Report on CIA Detention and Interrogation Program (Apr. 2, 2014), http://1.usa.gov/1kws9vI. Specifically, the Updated SSCI Report "concludes that the spy agency repeatedly misled Congress, the White House and the

public about the benefits" of the CIA's torture program. David S. Joachim, *Senate Panel Votes to Reveal Report on C.I.A. Interrogations*, N.Y. Times, Apr. 3, 2014, http://nyti.ms/1eejlaR.

24. On April 3, 2014, the SSCI voted to send the "Findings and Conclusions" and "Executive Summary" of the Updated SSCI Report to the Executive Branch for declassification review. In her transmittal letter to President Obama, Senator Feinstein also stated: "I encourage and approve the dissemination of the updated report to all relevant Executive Branch agencies, especially those who were provided with access to the previous version. This is the most comprehensive accounting of the CIA's Detention and Interrogation Program, and I believe it should be viewed within the U.S. Government as the authoritative report on the CIA's actions." *See* Letter from Sen. Feinstein to President Obama (Apr. 3, 2014), http://bit.ly/OKXyvw.

25. Disclosure of the Updated SSCI Report, the CIA Report, and the Panetta Report is critical to a full and fair public debate about the CIA's torture program. These reports are a crucial part of the historical record on the United States' abusive interrogation practices, as well as current and future public discussion about the CIA's treatment of detainees during the administration of President George W. Bush.

**Plaintiffs' FOIA Request for the CIA Report**

26. On June 28, 2013, the ACLU submitted a FOIA request ("Request I") seeking disclosure of the CIA Report, which was produced in response to the SSCI Report.

27. Plaintiffs sought expedited processing of Request I on the grounds that there is a "compelling need" for the CIA Report because the information requested is urgently needed by an organization primarily engaged in disseminating information in order to inform the public about actual or alleged federal government activity. *See* 5 U.S.C. § 552(a)(6)(E)(v)(II); *see also* 32 C.F.R. § 1900.34(c)(2).

28. Plaintiffs sought a waiver of search, review, and reproduction fees on the grounds that disclosure of the CIA Report is "in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government," and disclosure is "not primarily in the commercial interest of the requester." *See* 5 U.S.C. § 552(a)(4)(A)(iii); *see also* 32 C.F.R. § 1900.13(b)(2).

29. Plaintiffs also sought a waiver of search and review fees on the grounds that the ACLU qualifies as a "representative of the news media" and that the CIA Report is not sought for commercial use. *See* 5 U.S.C. § 552(a)(4)(A)(ii); *see also* 32 C.F.R. § 1900.13(i)(2).

30. By letter dated July 11, 2013, the CIA acknowledged receipt of and denied Request I, erroneously mistaking Request I (for the CIA Report) as identical to a prior request for the SSCI Report:

> A search of our database indicates that your organization had previously requested information on the same subject on 13 February 2013, which we assigned the reference number F-2013-00829. Our records further show that we responded to this request on 22 February 2013. A copy of our response is enclosed.

31. On September 6, 2013, an ACLU attorney spoke with a representative from the CIA who confirmed that the CIA's response of July 11 did not address Request I for the CIA Report. The representative stated that the CIA would re-open Request I and respond as appropriate.

32. In a letter to the CIA dated September 9, 2013, the ACLU memorialized that telephone discussion, further clarifying Request I.

33. By letter dated September 25, 2013, CIA Information and Privacy Coordinator Meeks informed the ACLU that Request I was "initially interpreted as seeking a copy of the

SSCI report." The CIA assigned a reference number to Request I and stated that its officers would review the request.

34. By letter dated October 31, 2013, the CIA informed the ACLU that "[t]o the extent your request seeks information that is subject to the FOIA, we accept your request, and we will process it in accordance with the FOIA . . . . We will search for records up to and including the date the Agency starts its search." The CIA also agreed to waive the fees for Request I.

35. The CIA has neither released the CIA Report nor explained its failure to do so.

36. The twenty-day statutory period for the CIA to make a determination with respect to Request I has elapsed with no determination. *See* 5 U.S.C. § 552(a)(6).

**Plaintiffs' FOIA Request for the Panetta Report**

37. On December 19, 2013, the ACLU submitted a FOIA request ("Request II") to the CIA seeking disclosure of the Panetta Report.

38. Plaintiffs sought expedited processing of Request II on the grounds that there is a "compelling need" for the Panetta Report because the information requested is urgently needed by an organization primarily engaged in disseminating information in order to inform the public about actual or alleged federal government activity. *See* 5 U.S.C. § 552(a)(6)(E)(v)(II); *see also* 32 C.F.R. § 1900.34(c)(2).

39. Plaintiffs sought a waiver of search, review, and reproduction fees on the grounds that disclosure of the Panetta Report is "in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government," and disclosure is "not primarily in the commercial interest of the requester." *See* 5 U.S.C. § 552(a)(4)(A)(iii); *see also* 32 C.F.R. § 1900.13(b)(2).

40. Plaintiffs also sought a waiver of search and review fees on the grounds that the ACLU qualifies as a "representative of the news media" and that the Panetta Report is not sought for commercial use. *See* 5 U.S.C. § 552(a)(4)(A)(ii); *see also* 32 C.F.R. § 1900.13(i)(2).

41. By letter dated December 24, 2013, the CIA informed the ACLU that "[t]o the extent your request seeks information that is subject to the FOIA, we accept your request, and we will process it in accordance with the FOIA . . . . We will search for records up to and including the date the Agency starts its search." The CIA also assigned a reference number to Request II, denied the ACLU's request for expedited processing, and agreed to waive the fees for the request.

42. The CIA has neither released the Panetta Report nor explained its failure to do so.

43. The twenty-day statutory period for the CIA to make a determination with respect to Request II has elapsed with no determination. *See* 5 U.S.C. § 552(a)(6).

**Plaintiffs' FOIA Requests for the Updated SSCI Report**

44. On May 7, 2014, Plaintiffs submitted identical FOIA requests ("Request III") (collectively, with Requests I and II, "the Requests") to the CIA, DOD, DOJ, and DOS, seeking disclosure of the Updated SSCI Report.

45. Plaintiffs sought expedited processing of Request III on the grounds that there is a "compelling need" for the Updated SSCI Report because the information requested is urgently needed by an organization primarily engaged in disseminating information in order to inform the public about actual or alleged federal government activity. *See* 5 U.S.C. § 552(a)(6)(E)(v)(II) and Defendants' corresponding regulations.

46. Plaintiffs sought a waiver of search, review, and reproduction fees on the grounds that disclosure of the Updated SSCI Report is "in the public interest because it is likely to

contribute significantly to public understanding of the operations or activities of the government," and disclosure is "not primarily in the commercial interest of the requester." *See* 5 U.S.C. § 552(a)(4)(A)(iii) and Defendants' corresponding regulations.

47. Plaintiffs also sought a waiver of search and review fees on the grounds that the ACLU qualifies as a "representative of the news media" and that the Updated SSCI Report is not sought for commercial use. *See* 5 U.S.C. § 552(a)(4)(A)(ii) and Defendants' corresponding regulations.

48. By letter dated May 9, 2014, the CIA acknowledged receipt of Request III. The CIA also denied the ACLU's request for expedited processing.

49. By letter dated May 16, 2014, the DOD informed the ACLU that it would be unable to respond to Request III within twenty days. The DOD also denied the ACLU's requests for expedited processing and a fee waiver. In a second letter, dated May 28, 2014, the DOD stated that "the Central Intelligence Agency (CIA) is the agency best suited to respond to your request. . . . That agency will respond to you directly if it has not done so already."

50. By e-mail dated May 22, 2014, the DOJ informed the ACLU that it had "determined that the Central Intelligence Agency (CIA) is the agency best suited to respond to your request. . . . That agency will respond to you directly if it has not done so already."

51. The DOS has not responded to Request III.

52. The twenty-day statutory period for Defendants to make a determination with respect to Request III has elapsed.

**Causes of Action**

53. Defendants' failure to make a reasonable effort to search for the records sought by the Requests violates FOIA, 5 U.S.C. § 552(a)(3), and Defendants' corresponding regulations.

54. Defendants' failure to promptly make available the records sought by the Requests violates FOIA, 5 U.S.C. § 552(a)(6)(A), and Defendants' corresponding regulations.

55. Defendants' failure to (i) grant Plaintiffs' request for expedited processing as to the Requests; and (ii) process the Requests, violates FOIA, 5 U.S.C. § 552(a)(6)(E), and Defendants' corresponding regulations.

56. The failure of Defendants CIA, DOJ, and DOS to grant Plaintiffs' request for a waiver of search, review, and duplication fees as to Request III violates FOIA, 5 U.S.C. § 552(a)(4), and Defendants' corresponding regulations.

57. The failure of Defendants CIA, DOJ, and DOS to grant Plaintiffs' request for a limitation of fees as to Request III violates FOIA, 5 U.S.C. § 552(a)(4), and Defendants' corresponding regulations.

**Requested Relief**

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Order Defendants to immediately process and release all records responsive to the Requests;

B. Enjoin the CIA, DOJ, and DOS from charging Plaintiffs search, review, or duplication fees for the processing of Request III;

C. Award Plaintiffs their costs and reasonable attorneys' fees incurred in this action; and

D. Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

*/s/ Hina Shamsi*

Hina Shamsi (D.C. Bar No. MI0071)
Alex Abdo (*pro hac vice*)
Ashley Gorski (*pro hac vice*)
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Phone: (212) 284-7321
Fax: (212) 549-2654
hshamsi@aclu.org

Arthur B. Spitzer (D.C. Bar No. 235960)
American Civil Liberties Union
of the Nation's Capital
4301 Connecticut Ave. NW, Suite 434
Washington, D.C. 20008
Phone: (202) 457-0800
Fax: (202) 457-0805
artspitzer@aclu-nca.org

*Counsel for Plaintiffs*

Dated: June 5, 2014