**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION, and AMERICAN CIVIL LIBERTIES UNION FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>CENTRAL INTELLIGENCE AGENCY, et al.<br><br>Defendants. | Civil Action No. 1:13-cv-01870 (JEB) |

**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**
**FOR INJUNCTIVE RELIEF**

Defendants, the Central Intelligence Agency ("CIA"), Department of Defense ("DOD"), Department of Justice ("DOJ"), and Department of State ("DOS"), hereby answer Plaintiffs' Second Amended Complaint as follows:

1. Admit that Plaintiffs purport to bring this lawsuit under the Freedom of Information Act ("FOIA"), and that they seek from all defendants the release of a report by the Senate Select Committee on Intelligence ("SSCI") concerning the Central Intelligence Agency's ("CIA") former detention and interrogation program (the "Report"). Admit that Plaintiffs also seek from the CIA 1) the CIA's response to that Report ("CIA Response"), and 2) a report by the CIA concerning its detention and interrogation program that was commissioned by former CIA Director Panetta, which was referred to by Senator Mark Udall on December 17, 2013, during the confirmation hearing for CIA General Counsel nominee Caroline Diane Krass. The remainder of the paragraph contains Plaintiffs' characterization of the documents, to which no response is required. To the extent that a response is required, Defendants deny the allegations

on the ground that the documents speak for themselves and respectfully refer the Court to those documents for a complete and accurate statement of their contents.

2. This paragraph contains Plaintiffs' subjective characterization of the CIA's former detention and interrogation program, to which no response is required. To the extent a response is required, denied.

3. First sentence: This sentence contains Plaintiffs' subjective characterization of the reasons for SSCI's undertaking the study that resulted in the Report, to which no response is required. To the extent a response is required, denied. Second sentence: Admit that in December 2012, the SSCI approved what it has described as a study of the CIA's former detention and interrogation program. The remainder of the sentence contains Plaintiffs' characterization of the Report, to which no response is required. Third and fourth sentences: These sentences contain Plaintiffs' characterization of a statement by Dianne Feinstein regarding the Report, to which no response is required. To the extent that a response is required, Defendants deny the allegations on the ground that the statement speaks for itself and respectfully refer the Court to the statement (or documents containing the statement) for a complete and accurate statement of its contents.

4. First sentence: Admit that the CIA received a copy of the December 2012, version of the SSCI report, and issued a report in response. Second sentence: This sentence contains Plaintiffs' characterization of the CIA Response, to which no response is required. To the extent a response is required, denied.

5. This paragraph contains Plaintiffs' characterization of statements by Senator Mark Udall at the confirmation hearing of Caroline Krass on December 17, 2013, to which no response is required. To the extent that a response is required, Defendants deny the allegations

on the ground that the statements speak for themselves and respectfully refer the Court to the statements (or documents containing the statements) for a complete and accurate account of their contents.

6. First sentence: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. Second sentence: Admit that the Defendants have received portions of the Updated SSCI Report. Third sentence: Admit that SSCI has submitted portions of the Updated SSCI Report to the White House for declassification. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this sentence.

7. Admit that by letter dated May 6, 2014, but transmitted May 7 ("May 7, 2014, FOIA Request"), Plaintiffs submitted a FOIA request to the Defendants, and that none of the agencies have released a copy of the updated SSCI Report in response to this request. The remainder of the paragraph consists of Plaintiffs' characterization of the May 7, 2014, FOIA request, to which no response is required.

8. First sentence: Admit that by letter to the CIA dated June 28, 2013, Plaintiffs submitted a FOIA request seeking disclosure of "the CIA's recently adopted report in response to the SSCI Report on the CIA's rendition, detention, and interrogation program in the years following 9/11." Admit that by letter to the CIA dated December 19, 2013, Plaintiffs submitted a FOIA request seeking disclosure of "a report commissioned by former Central Intelligence Agency ('CIA') Director Leon Panetta on the Agency's detention and interrogation programs (the 'Panetta Report'), which was referred to by Senator Mark Udall on December 17, 2013, during the confirmation hearing for CIA General Counsel nominee Caroline Diane Krass." Second sentence: Admit.

9. This paragraph consists of legal conclusions, to which no response is required.

10. This paragraph consists of Plaintiffs' subjective characterization of the public interest in the documents at issue in this litigation, to which no response is required.

11. This paragraph consists of legal conclusions, to which no response is required.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14. Admit.

15. Admit.

16. Admit.

17. Admit.

18. Deny except to admit that in 2009 the SSCI began what it considered to be a study of the CIA's former detention and interrogation program, which it approved in December 2012 ("the Report").

19. Admit that on December 13, 2012, the SSCI voted to approve the Report. The remainder of this paragraph contains Plaintiffs' characterization of the Report, to which no response is required.

20. This paragraph contains Plaintiffs' characterization of an article in the news media regarding the Report, to which no response is required. To the extent that a response is required, Defendants deny the allegations on the ground that the article speaks for itself and respectfully refer the Court to the article for a complete and accurate statement of its contents.

21. This paragraph contains Plaintiffs' characterization of statements by Senator Udall at the confirmation hearing of Caroline Krass on December 17, 2013, and in a March 4, 2014, letter to President Obama, to which no response is required. To the extent that a response is required, Defendants deny the allegations on the ground that the statements speak for themselves and respectfully refer the Court to those statements (or documents containing those statements) for a complete and accurate statement of their contents.

22. First sentence: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this sentence. Second sentence: This sentence contains Plaintiffs' characterization of a press release by Senator Dianne Feinstein, to which no response is required. To the extent that a response is required, Defendants deny the allegations on the ground that the press release speaks for itself and respectfully refer the Court to that press release for a complete and accurate statement of its contents.

23. First sentence: This sentence contains Plaintiffs' characterization of a press release by Senators Susan Collins and Angus King, to which no response is required. To the extent that a response is required, Defendants deny the allegations on the ground that the press release speaks for itself and respectfully refer the Court to that press release for a complete and accurate statement of its contents. Second sentence: This sentence contains Plaintiffs' characterization of an article in the news media regarding the Updated SSCI Report, to which no response is required. To the extent that a response is required, Defendants deny the allegations on the ground that the article speaks for itself and respectfully refer the Court to the article for a complete and accurate statement of its contents.

24. First sentence: Admit that on April 3, 2014, SSCI voted to have declassified the new version of the executive summary, as well as the findings and conclusions, of the Report,

and on April 7, 2014, submitted them to the White House for declassification. Second sentence: This sentence contains Plaintiffs' characterization of an April 3, 2014, letter from Senator Dianne Feinstein to President Barack Obama, to which no response is required. To the extent that a response is required, Defendants deny the allegations on the ground that the letter speaks for itself and respectfully refer the Court to the letter for a complete and accurate statement of its contents.

25. This paragraph contains Plaintiffs' subjective characterization of the importance of disclosure of the documents at issue in this litigation, to which no response is required.

26. Admit that by letter dated June 28, 2013, Plaintiffs submitted a FOIA request to the CIA. The remainder of the paragraph contains Plaintiffs' characterization of the June 28, 2013, letter, to which no response is required. To the extent that a response is required, Defendants deny the allegations on the ground that the letter speaks for itself and respectfully refer the Court to that document for a complete and accurate statement of its contents.

27. This paragraph contains Plaintiffs' characterization of the June 28, 2013, letter, to which no response is required. To the extent that a response is required, Defendants deny the allegations on the ground that the letter speaks for itself and respectfully refer the Court to that document for a complete and accurate statement of its contents.

28. This paragraph contains Plaintiffs' characterization of the June 28, 2013, letter, to which no response is required. To the extent that a response is required, Defendants deny the allegations on the ground that the letter speaks for itself and respectfully refer the Court to that document for a complete and accurate statement of its contents.

29. This paragraph contains Plaintiffs' characterization of the June 28, 2013, letter, to which no response is required. To the extent that a response is required, Defendants deny the

allegations on the ground that the letter speaks for itself and respectfully refer the Court to that document for a complete and accurate statement of its contents.

30. Admit that by letter dated July 11, 2013, Michele Meeks, the CIA's Information and Privacy Coordinator, responded to Plaintiffs' June 28, 2013, FOIA request. The remainder of the paragraph contains Plaintiffs' characterization of the July 11, 2013, letter, to which no response is required. To the extent that a response is required, Defendants deny the allegations on the ground that the letter speaks for itself and respectfully refer the Court to that document for a complete and accurate statement of its contents.

31. Admit.

32. Admit that the CIA received from Plaintiffs a letter dated September 9, 2013. The remainder of the paragraph contains Plaintiffs' characterization of the September 9, 2013, letter, to which no response is required. To the extent that a response is required, Defendants deny the allegations on the ground that the letter speaks for itself and respectfully refer the Court to that document for a complete and accurate statement of its contents.

33. Admit that by letter dated September 25, 2013, Michele Meeks, the CIA's Information and Privacy Coordinator, responded to Plaintiffs' September 9, 2013, letter providing clarification to the June 28, 2013, FOIA request. The remainder of the paragraph contains Plaintiffs' characterization of the September 25, 2013, letter, to which no response is required. To the extent that a response is required, Defendants deny the allegations on the ground that the letter speaks for itself and respectfully refer the Court to that document for a complete and accurate statement of its contents.

34. Admit that by letter dated September 25, 2013, Michele Meeks, the CIA's Information and Privacy Coordinator, responded to Plaintiffs' September 9, 2013, letter

providing clarification to the June 28, 2013, FOIA request. The remainder of the paragraph contains Plaintiffs' characterization of the September 25, 2013, letter, to which no response is required. To the extent that a response is required, Defendants deny the allegations on the ground that the letter speaks for itself and respectfully refer the Court to that document for a complete and accurate statement of its contents.

35. Admit that the CIA has not substantively responded to Plaintiffs' June 28, 2013, FOIA request, as clarified by the September 9, 2013, letter.

36. This paragraph consists of legal conclusions, to which no response is required.

37. Admit that by letter dated December 19, 2013, Plaintiffs submitted a FOIA request to the CIA. The remainder of the paragraph contains Plaintiffs' characterization of the December 19, 2013, letter, to which no response is required. To the extent that a response is required, Defendants deny the allegations on the ground that the letter speaks for itself and respectfully refer the Court to that document for a complete and accurate statement of its contents.

38. This paragraph contains Plaintiffs' characterization of the December 19, 2013, letter, to which no response is required. To the extent that a response is required, Defendants deny the allegations on the ground that the letter speaks for itself and respectfully refer the Court to that document for a complete and accurate statement of its contents.

39. This paragraph contains Plaintiffs' characterization of the December 19, 2013, letter, to which no response is required. To the extent that a response is required, Defendants deny the allegations on the ground that the letter speaks for itself and respectfully refer the Court to that document for a complete and accurate statement of its contents.

40. This paragraph contains Plaintiffs' characterization of the December 19, 2013, letter, to which no response is required. To the extent that a response is required, Defendants deny the allegations on the ground that the letter speaks for itself and respectfully refer the Court to that document for a complete and accurate statement of its contents.

41. Admit that by letter dated December 24, 2013, Michele Meeks, the CIA's Information and Privacy Coordinator, responded to Plaintiffs' December 19, 2013, FOIA request. The remainder of the paragraph contains Plaintiffs' characterization of the December 24, 2013, letter, to which no response is required. To the extent that a response is required, Defendants deny the allegations on the ground that the letter speaks for itself and respectfully refer the Court to that document for a complete and accurate statement of its contents.

42. Admit that the CIA has not substantively responded to Plaintiffs' December 19, 2013, FOIA request.

43. This paragraph consists of legal conclusions, to which no response is required.

44. Admit that by letter dated May 6, 2014, but transmitted May 7 ("May 7, 2014, letter"), Plaintiffs submitted a FOIA request to the CIA, DOD, DOJ, and DOS. The remainder of the paragraph contains Plaintiffs' characterization of the May 7, 2014, letter, to which no response is required. To the extent that a response is required, Defendants deny the allegations on the ground that the letter speaks for itself and respectfully refer the Court to that document for a complete and accurate statement of its contents.

45. This paragraph contains Plaintiffs' characterization of the May 7, 2014, letter, to which no response is required. To the extent that a response is required, Defendants deny the allegations on the ground that the letter speaks for itself and respectfully refer the Court to that document for a complete and accurate statement of its contents.

46. This paragraph contains Plaintiffs' characterization of the May 7, 2014, letter, to which no response is required. To the extent that a response is required, Defendants deny the allegations on the ground that the letter speaks for itself and respectfully refer the Court to that document for a complete and accurate statement of its contents.

47. This paragraph contains Plaintiffs' characterization of the May 7, 2014, letter, to which no response is required. To the extent that a response is required, Defendants deny the allegations on the ground that the letter speaks for itself and respectfully refer the Court to that document for a complete and accurate statement of its contents.

48. Admit that by letter dated May 9, 2014, Michele Meeks, the CIA's Information and Privacy Coordinator, responded to Plaintiffs' May 7, 2014, FOIA request. The remainder of the paragraph contains Plaintiffs' characterization of the May 9, 2014, letter, to which no response is required. To the extent that a response is required, Defendants deny the allegations on the ground that the letter speaks for itself and respectfully refer the Court to that document for a complete and accurate statement of its contents.

49. First and second sentences: Admit that by letter dated May 16, 2014, Paul Jacobsmeyer, Chief of the Department of Defense Office of Freedom of Information, acknowledged receipt of Plaintiffs' FOIA request, received May 7, 2014. The remainder of the first and second sentences contain Plaintiffs' characterization of the May 16, 2014, letter, to which no response is required. To the extent that a response is required, Defendants deny the allegations on the ground that the letter speaks for itself and respectfully refer the Court to that letter for a complete and accurate statement of its contents. Third sentence: Admit that by letter dated May 28, 2014, Paul Jacobsmeyer, Chief of the Department of Defense Office of Freedom of Information, responded to Plaintiffs' FOIA request, received May 7, 2014. The remainder of

the sentence contains Plaintiffs' characterization of the May 28, 2014, letter, to which no response is required. To the extent that a response is required, Defendants deny the allegations on the ground that the letter speaks for itself and respectfully refer the Court to that letter for a complete and accurate statement of its contents.

50. Admit that by letter of May 22, 2014, sent via email of the same date, the Department of Justice Office of Information Policy responded to Plaintiffs' FOIA request, received May 12, 2014. The remainder of the sentence contains Plaintiffs' characterization of the May 22, 2014, letter, to which no response is required. To the extent that a response is required, Defendants deny the allegations on the ground that the letter speaks for itself and respectfully refer the Court to that letter for a complete and accurate statement of its contents.

51. Admit.

52. This paragraph consists of legal conclusions, to which no response is required.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

WHEREFORE, having fully answered, Defendants assert that Plaintiffs are not entitled to the relief requested, or to any relief whatsoever, and request that Defendants be given such other relief as the Court deems just and proper.

**FIRST AFFIRMATIVE DEFENSE**

Defendants object to the Complaint to the extent that answering it imposes obligations upon it that exceed those imposed by the FOIA.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs are not entitled to compel the production of records protected from disclosure by FOIA, subject to any applicable FOIA exemptions, or to which FOIA does not apply.

Dated: July 7, 2014

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

RONALD C. MACHEN, Jr.
United States Attorney

ELIZABETH J. SHAPIRO
Deputy Branch Director
Civil Division

*/s/ Vesper Mei*
VESPER MEI (D.C. Bar 455778)
Senior Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave, NW
Washington, D.C. 20530
Telephone: (202) 514-4686
Fax: (202) 616-8470
E-mail: vesper.mei@usdoj.gov

***Counsel for the Defendants***