**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| AMERICAN CIVIL LIBERTIES UNION, and AMERICAN CIVIL LIBERTIES UNION FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>CENTRAL INTELLIGENCE AGENCY, et al.<br><br>Defendants. | ) | Civil Action No. 1:13-cv-01870 (JEB) |

**DEFENDANTS'RESPONSE TO PLAINTIFFS' EMERGENCY MOTION**
**FOR AN ORDER PROTECTING THIS COURT'S JURISDICTION**

## STATEMENT

There is no need for extraordinary interim relief. Although the government maintains that the Full Report is a congressional document, it can assure the Court that it will preserve the status quo regarding the Full Report absent either leave of court or resolution of this litigation in the government's favor.

Plaintiffs have pointed to only their own speculation to surmise that any other course of action is likely. Accordingly, plaintiffs cannot make any showing of harm – let alone irreparable harm – required to obtain the relief they seek. *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 22 (2008). Moreover, as defendants have briefed previously, and incorporate here, the Full Report is a congressional document, not an agency record, and the plaintiffs are not likely to succeed on the merits of their claim. ECF No. 39. Whether plaintiffs' motion is decided under the All Writs Act or under the preliminary injunction standard of Fed. R. Civ. P.

65, it should be denied.[1] Nor should plaintiffs be permitted to take discovery in an attempt to uncover nonexistent evidence.

## ARGUMENT

### I. PLAINTIFFS ARE NOT ENTITLED TO A PRELIMINARY INJUNCTION.

A preliminary injunction under Rule 65 is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 22 (2008). A party seeking a preliminary injunction must show (1) it is likely to succeed on the merits of its claim, (2) it is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in its favor, and (4) an injunction is in the public interest. *See Winter*, 555 U.S. at 20 (party seeking preliminary injunction must satisfy these four criteria). "A movant must demonstrate 'at least some injury' for a preliminary injunction to issue." *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006).

#### A. Plaintiffs Cannot Show Irreparable Harm.

"A movant's failure to show any irreparable harm is . . . grounds for refusing to issue a preliminary injunction, even if the other three factors entering the calculus merit such relief." *Chaplaincy of Full Gospel Churches*, 454 F.3d at 297. Here, plaintiffs fail to demonstrate any harm – irreparable or otherwise.[2]

---

[1] The ACLU does not style its motion as one for preliminary injunctive relief. Nevertheless, because the body of the motion includes a citation to Federal Rule of Civil Procedure 65, and any analysis under the All Writs Act would be the same, the government responds to the motion as if it were one for preliminary injunction.

[2] Post *Winter*, there is some question whether the D.C. Circuit still adheres to the sliding scale for a preliminary injunction, whereby "a strong showing on one factor could make up for a weaker showing on another," *Sherley v. Sebelius*, 644 F.3d 388, 392-93 (D.C. Cir. 2011), or whether the four factors should be treated independently. *Id.; see also Nken v. Holder*, 556 U.S. 418, 438

Plaintiffs' sole attempt to establish harm demonstrates the purely speculative nature of their motion. Plaintiffs state only that "the Court's ability to order the relief the ACLU seeks . . . *could be* substantially impaired *if* it is forced to order that relief against Senator Burr instead of the Defendant agencies." Pls.' Br. at 21 (emphasis added). Plaintiffs further conjecture that "substantial constitutional questions *could be implicated* – and extensive delay result – *if* Senator Burr were to argue, for example, that the Speech or Debate Clause places limits on the Court's ability to compel him to disclose an unlawfully withheld agency record." *Id.* (emphasis added). Such speculation, however, comes nowhere near the level of harm necessary for the entry of preliminary injunctive relief. As the Supreme Court has made clear, the mere possibility of irreparable harm cannot support a preliminary injunction; an injunction may issue only if the plaintiffs prove that irreparable harm is *likely*. *Winter*, 555 U.S. at 22. Here, the language that plaintiffs use to make their showing of irreparable harm is couched in possibilities ("could be," "if"). This is insufficient for the issuance of a preliminary injunction.

Even before the filing of this motion, plaintiffs had no evidence that any of the defendant agencies were planning to return the Full Report to SSCI. Moreover, the government can now assure the Court that it will preserve the status quo either until the issue of whether the Full Report is a congressional document or an agency record is resolved, or until it obtains leave of

---

(2009) (Kennedy, J., concurring) ("When considering success on the merits and irreparable harm, courts cannot dispense with the required showing of one simply because there is a strong likelihood of the other"). Under either approach, however, the plaintiffs must make *some* showing of irreparable harm. *See, e.g.*, *Sierra Club v. U.S. Army Corps. of Engineers*, 990 F. Supp. 2d 9, 38 (D.D.C. 2013) ("Even under the sliding scale approach that is utilized in this Circuit, Plaintiffs must demonstrate that they will suffer irreparable harm absent an injunction in order to be eligible for injunctive relief.") (citing *Chaplaincy of Full Gospel Churches*, 454 F.3d at 297).

court to alter the status quo. Accordingly, the ACLU is suffering no harm, let alone irreparable harm.[3]

**B. Plaintiffs Are Unlikely to Succeed on the Merits of their Claim.**

On January 21, 2015, the government moved to dismiss plaintiffs' claim for the Full Report in this case, on the grounds that the Full Report is a congressional document, not an agency record. ECF No. 39. These arguments are incorporated herein, and show that the government, and not the plaintiffs, is likely to prevail on the merits of this claim. At bottom, Congress' expression of control comes not from the actions of any member, but rather from the actions of the committee as a whole. The Chairman and Vice Chairman jointly specified in correspondence that both draft and final versions of the Full Report remain congressional documents, *see* June 2, 2009 Letter to CIA Director, attached to Defendants' Motion to Dismiss as Exhibit D to the Declaration of Neal Higgins (ECF No. 39-1) ("draft and final recommendations, reports, or other materials generated by Committee staff or Members, are the property of the Committee" and "remain congressional records in their entirety"),[4] and the Committee as a whole made a determination not to publicly release the Full Report. *See*

---

[3] In the absence of evidence supporting harm, plaintiffs ask the Court simply to distrust the government. Pls.' Br. at 19-20 (alleging a "history of evasion"). However, plaintiffs' one-sided characterizations are entirely irrelevant to this Motion. Indeed, plaintiffs do not even attempt to tie their allegations to the legal standard for obtaining a preliminary injunction. *See id*. These allegations should be disregarded.

[4] The SSCI's letter further stated that "disposition and control over these records, even after the completion of the Committee's review, lies exclusively with the Committee." Exh. D to Higgins Decl. As such, the Committee explicitly stated that "these records are not CIA records under the Freedom of Information Act or any other law" and that "[t]he CIA may not integrate these records into its records filing systems, and may not disseminate or copy them, or use them for any purpose without prior written authorization from the Committee." *Id.* The SSCI also stated that in response to a FOIA request seeking these records, the CIA should "respond to the request or demand based upon the understanding that these documents are congressional, not CIA, records." *Id.*

Defendants' Motion to Dismiss at 7 (ECF No. 39). The ACLU points to no communication from the full committee that contradicts that clearly articulated intent. Consequently, because the plaintiffs are unlikely to succeed on the merits of their claim, they cannot satisfy the merits prong of the preliminary injunction standard.

### C. The Balance of Equities and the Public Interest Require Denial of Plaintiffs' Motion.

The balance of equities and the public interest weigh clearly in favor of denying the instant motion. The public interest lies in having the political branches of government resolve for themselves what has plainly become a political dispute. Although the ACLU invites the Court to take sides in this legislative dispute, the Court should resist undoing through litigation what the full SSCI decided through the political process.

### D. The All Writs Act is Inapplicable, and, in any event, the Standard is Identical to that of a Preliminary Injunction.

Plaintiffs contend that they are alternatively entitled to an order under the All Writs Act, 28 U.S.C. § 1651(a), barring defendants' transfer of the Full Report back to SSCI. The All Writs Act, however, is inapplicable here, where plaintiffs in effect are seeking a preliminary injunction.

Without explaining what requirements *would* apply to an injunction issued under the All Writs Act, plaintiffs cite to the Eleventh Circuit case of *Klay v. United Healthgroup., Inc.*, 376 F.3d 1092, 1100 (11th Cir. 2004), to argue that "the requirements for a traditional injunction do not apply to injunctions under the All Writs Act." Pls.' Br. at 14. Relief under the All Writs Act, however, is generally unavailable where a party has an adequate remedy through some other procedure (here, Rule 65). *See Clinton v. Goldsmith*, 526 U.S. 529, 537 (1999). And even in the *Klay* case, the court noted that, "a district court may not evade the traditional requirements of an injunction by purporting to issue what is, in effect, a preliminary injunction under the All Writs

Act." *Klay*, 376 F.3d at 1101 n.13. Here, plaintiffs in effect seek a preliminary injunction. Accordingly, the All Writs Act is inapplicable.

In any event, even if the All Writs Act were applicable, the proper standard in this Circuit would be that used to determine whether a preliminary injunction should issue. *See, e.g.*, *Kiyemba v. Obama*, 561 F.3d 509, 513 n.3 (D.C. Cir. 2009) (party seeking to preserve the status quo under the All Writs Act must satisfy the criteria for issuing a preliminary injunction). As set forth above, plaintiffs cannot satisfy the requirements for a preliminary injunction. Their motion, therefore, should be denied.

## II. DISCOVERY IS UNWARRANTED.

Plaintiffs alternatively seek discovery in an effort to find evidence they plainly lack. Discovery, however, is generally not appropriate in FOIA actions, *Wheeler v. CIA*, 271 F. Supp. 2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions."); *Judicial Watch, Inc. v. Exp.-Imp. Bank*, 108 F. Supp. 2d 19, 25 (D.D.C. 2000) (same), and is especially unwarranted here, where plaintiffs are required to produce some evidence that they will be irreparably harmed *before* coming to court for emergency relief. Here, the government has made it clear that it will maintain the status quo. Plaintiffs, by contrast, have offered nothing more than speculation to support their discovery request. Accordingly, their alternative request for discovery should be denied. *See, e.g., United Presbyterian Church in the U.S.A. v. Reagan,* 738 F.2d 1372, 1383 (D.C. Cir. 1984) (denying discovery where the request was "a 'fishing expedition' of the most obvious kind.").

## CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court deny plaintiffs' motion.

Dated: February 6, 2015

Respectfully submitted,

JOYCE R. BRANDA
Acting Assistant Attorney General

RONALD C. MACHEN, Jr.
United States Attorney

ELIZABETH J. SHAPIRO
Deputy Branch Director
Civil Division

*/s/ Vesper Mei*

VESPER MEI (D.C. Bar 455778)
Senior Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave, NW
Washington, D.C. 20530
Telephone: (202) 514-4686
Fax: (202) 616-8470
E-mail: vesper.mei@usdoj.gov

***Counsel for the Defendant***